■ In the Matter of the Claim of HELEN KELPIN, on Behalf of Herself and Minor Children, Respondent, against WATTS & SONS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from an award of death benefits by the Workmen's Compensation Board. The deceased employee was engaged as a food handler, which required him to load, among other commodities, heavy packages of butter, weighing up to 64 pounds. The packages of butter and cases of eggs were placed on a hand truck or flat truck to be wheeled from the storeroom to a transport truck outside. On the day of his death, decedent and his foreman had loaded 125 packages of butter, each weighing approximately 64 pounds. Usually this work was performed by three or four men. About 15 minutes after completing this job decedent collapsed and died while still at the place of employment. His death was the result of a recent and old thrombotic occlusion of the coronary arteries. It is without dispute that decedent had a previous heart condition and should not have been doing this type of work. However, the autopsy report showed a recent occlusion and there is medical evidence by two doctors that the work which he did on the day of his death was the cause of his death, and that death would not have occurred in the absence of that extra effort. Unlike the case of Matter of Burris v. Lewis (2 N Y 2d 323), here there was undisputed evidence of a " recent " occlusion, plus substantial medical evidence, that the man would not have died when he did except for the extra effort of his strenuous work. In ·such circumstances

a question of fact is presented and there is substantial evidence to sustain the award made by the board. Award unanimously affirmed, with one bill of costs to be divided between the Workmen's Compensation Board and claimant, and printing disbursements to each. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.